Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

OSCAR JOEL PORTILLO,

    *Plaintiff*,

-against-

INES BAKERY INC, MANUEL PEREZ and INES PEREZ.

    *Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Case No: 20-cv-3915**

  OSCAR JOEL PORTILLO ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., as against INES BAKERY INC, INES PEREZ and MANUEL PEREZ (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

  1. Plaintiff is a former employee of Ines Bakery at 948 4th Avenue Brooklyn, NY 11232 that was owned and operated by Defendants MANUEL PEREZ, INES PEREZ and INES BAKERY INC.

  2. Defendants own, operate, and/or controlled Ines Bakery at 948 4th Avenue Brooklyn, NY 11232.

  3. Plaintiff was employed by Defendants as a baker, counterman and general laborer.

1

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours he worked each week.

5. Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

6. Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9. Plaintiff OSCAR JOEL PORTILLO ("Plaintiff PORTILLO") is an adult individual residing in Kings County, New York. Plaintiff PORTILLO was employed by Defendants at Ines Bakery from approximately June 2010 through November 2019.

10. INES BAKERY INC is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 948 4th Avenue Brooklyn, NY 11232.

11. Defendant MANUEL PEREZ is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant MANUEL PEREZ is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

12. Upon information and belief, Defendant MANUEL PEREZ possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

13. Defendant MANUEL PEREZ determined the wages and compensation of the employees of Defendants, including Plaintiff.

14. Defendant MANUEL PEREZ established the schedule of the Plaintiff.

15. Defendant MANUEL PEREZ directed work tasks and assignment for employees, including Plaintiff.

16. Defendant MANUEL PEREZ issued pay to Plaintiff.

17. Defendant MANUEL PEREZ disciplined Plaintiff.

18. Defendant MANUEL PEREZ had the authority to hire and fire employees and in fact hired and fired Plaintiff.

19. Defendant INES PEREZ is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant INES PEREZ is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations.

20. Upon information and belief, Defendant INES PEREZ possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

21. Defendant INES PEREZ determined the wages and compensation of the employees of Defendants, including Plaintiff.

22. Defendant INES PEREZ established the schedule of the Plaintiff.

23. Defendant INES PEREZ issued pay to Plaintiff.

24. Defendant INES PEREZ directed work tasks and assignment for employees, including Plaintiff.

25. Defendant INES PEREZ disciplined Plaintiff.

26. Defendant INES PEREZ had the authority to hire and fire employees and in fact hired and fired Plaintiff.

**FACTUAL ALLEGATIONS**

27. Defendant MANUEL PEREZ possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

28. Defendant INES PEREZ possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

29. Defendants are associated and joint employers, act in the interest of each other.

30. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

31. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

32. In the alternative, Defendants constitute a single employer of Plaintiff.

33. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

34. Upon information and belief, in each year from 2010 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at Ines Bakery, such as vegetables, flour, eggs, milk, meats, and beverages, cleaning supplies, were produced outside the State of New York.

*Plaintiff OSCAR JOEL PORTILLO*

36. Plaintiff PORTILLO was employed by Defendants from approximately June 2010 through November 2019.

37. Throughout his employment with defendants, Plaintiff PORTILLO was employed at the Ines Bakery as a baker, counterman, dishwasher and general laborer.

38. Plaintiff PORTILLO regularly handled goods in interstate commerce, such as food, flour, eggs, milk, cleaning solvents and other supplies produced outside the state of New York.

39. Plaintiff PORTILLO's work duties required neither discretion nor independent judgment.

40. Plaintiff PORTILLO regularly worked in excess of 40 hours per week.

41. From approximately June 2010 under December 2012, Plaintiff PORTILLO worked 10-hour shifts (7:00 A.M. to 5:00 P.M.) six days per week.

42. From approximately January 2013 under December 2018, Plaintiff PORTILLO worked 12-hour shifts (5:00 A.M. to 5:00 P.M.) six days per week.

43. During a six-month period in 2014, Plaintiff PORTILLO worked nine-hour shifts (4:00 A.M. to 1:00 P.M.) four days per week and 12-hour shifts (5:00 A.M. to 5:00 P.M) two days per week.

44. From January 2019 until the end of his employ, Plaintiff PORTILLO worked eight or nine hour shifts (8:00 A.M. to 4:00 P.M. or 5:00 P.M.) five days per week.

45. Defendants paid Plaintiff a weekly salary at the following rates:

   a. June 2010 to December 2011:  $500

   b. January 2012 to December 2013: $550

   c. January 2014 to December 2014: $600

   d. January 2015 to December 2016: $650

   e. January 2017 to December 2017: $700

   f. January 2018 to December 2018: $750

   g. January 2019 to November 2019: $600

46. No notification was given to Plaintiff PORTILLO regarding overtime and wages under the FLSA and NYLL.

47. Defendants never provided Plaintiff PORTILLO with each payment of wages a

6

statement of wages, as required by NYLL 195(3).

48. Defendants never provided Plaintiff PORTILLO, any notice in English and in Spanish (Plaintiff PORTILLO's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

51. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

52. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

53. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54. At all times relevant to this action, Defendants were Plaintiff PORTILLO'S employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff PORTILLO, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

55. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

56. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

57. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

58. Defendants' failure to pay Plaintiff PORTILLO at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

59. Plaintiff PORTILLO was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

60. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

62. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

63. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

64. Plaintiff PORTILLO repeats and realleges all paragraphs above as though fully set forth herein.

65. At all times relevant to this action, Defendants were Plaintiff PORTILLO's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

66. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff PORTILLO less than the minimum wage.

67. Defendants' failure to pay Plaintiff PORTILLO the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

68. Plaintiff PORTILLO was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

69. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

71. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

72. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

73. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

74. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

75. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

76. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

77. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

78. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(o) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

  (q) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
   August 24th, 2020

            By: */s/ Colin Mulholland*
               Colin Mulholland, Esq.
               30-97 Steinway, Ste. 301-A
               Astoria, New York 11103
               Telephone: (347) 687-2019
               *Attorney for Plaintiff*